## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **PHOENIX PRODUCTS, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO:  1:24cv1161** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | **FILED ELECTRONICALLY** |

## AMENDED COMPLAINT

Phoenix Products, LLC ("Plaintiff"), by and through counsel, files this Complaint seeking a refund of federal employment taxes for the quarters ending March 31, 2021 and June 30, 2021, paid to the United States of America ("Defendant") pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1491, plus interest thereon.  In support thereof, Plaintiff states as follows:

### PARTIES

1.     Plaintiff is a Limited Liability Company ("LLC") organized under the laws of the state of Delaware, with its principal place of business in Wisconsin.

2.     Defendant is the United States of America.

### JURISDICTION

3.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1491 and 1346.

4.     This civil action arises under the Internal Revenue Code of the United States for the refund of overpaid employment taxes and interest.

5.     Plaintiff complied with 26 U.S.C. § 7422(a) by filing claims for refund with the Internal Revenue Service ("IRS") via Forms 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund) for the employment tax quarters ending March 31, 2021 ("First Quarter 2021"), and June 30, 2021 ("Second Quarter 2021").

1

6.      Before June 8, 2023, Plaintiff timely paid and reported all employment tax amounts due for the First Quarter 2021 and Second Quarter 2021.

7.      On or around June 8, 2023, Plaintiff timely filed Forms 941-X for the First Quarter 2021 and the Second Quarter 2021 that requested refunds of overpaid employment taxes. Specifically, Plaintiff timely filed Form 941-X for the First Quarter 2021 that requested a refund of $578,450.62 and Form 941-X for the Second Quarter 2021 that requested a refund of $620,483.54 (collectively, the "Claims").  Copies of the Claims are collectively attached as Exhibit A.  A copy of the Rule 9.1(m) statement is attached as Exhibit B.

8.      Plaintiff filed the Claims within the time specified in 26 U.S.C. §§ 6511 and 6513(c).

9.      More than six months have passed since Plaintiff timely filed the Claims.

10.     The IRS has not notified Plaintiff that it has allowed or denied the Claims.

11.     Therefore, Plaintiff has satisfied the requirements of 26 U.S.C. § 6532.

## NATURE OF ACTION

12.     Pursuant to the Internal Revenue Code, employers are required to withhold certain federal income and employment taxes from their employees' wages and other compensation.  In addition, the Internal Revenue Code requires employers to pay their own portion of certain employment taxes on behalf of their employees.

13.     26 U.S.C. §§ 6011, 6157 and 6302 require employers to report and pay the employment taxes to the IRS.

14.     On or about March 27, 2020, Congress passed the Coronavirus Aid Relief and Economic Security Act ("the CARES Act") in response to the COVID-19 pandemic,

15.     The CARES Act created a refundable tax credit named the Employee Retention Credit ("ERC") for eligible wages paid between March 12, 2020, and December 31, 2020 as a way to provide emergency relief to small business taxpayers and keep workers employed.  Congress

amended and expanded the ERC on several occasions, including expanding eligibility into 2021, through the American Rescue Plan Act of 2021 ("ARPA"), Pub. L. No. 117-2, and the Infrastructure Investments and Jobs Act ("IIJA"), Pub. L. No. 117-58.

16.     There are several ways to qualify for the ERC. Specifically, businesses that demonstrated certain statutorily defined reductions in gross receipts, as compared to pre-pandemic periods, were eligible for a per employee refundable ERC.  Furthermore, businesses meeting certain defined business disruption criteria by quarter were also eligible for the ERC.

17.     For January 1 through September 30, 2021, the CARES Act and related amendments and enactments provided qualifying employers with an ERC against employment taxes of up to 70 percent of qualified wages ($10,000 per employee per quarter, including certain health care expenses), but no more than $7,000 per employee per quarter for each eligible quarter of 2021.

18.     The IRS directed employers to claim the ERC on IRS Forms 941-X, with the ERC to be distributed in the form of a refund of employment taxes.

19.     Plaintiff qualified for the ERC in the amounts stated in the Claims.

20.     As of the date of the filing of this Complaint, the Secretary of the Treasury, through her delegate, the Internal Revenue Service, had not rendered a decision on the Claims.

21.     Plaintiff brings this civil action to request that the Court order the IRS to pay the refunds stated in the Claims.

## PLAINTIFF BACKGROUND AND FACTUAL ASSERTIONS

22.     Plaintiff incorporates all previously stated paragraphs as if fully set forth herein.

23.     Plaintiff is a Milwaukee-based company that designs, manufactures, and distributes commercial lighting products and welding products for a wide range of industries, including customers in the telecom, power utilities, and industrial markets.

24.     Plaintiff employed, on average, 100 or fewer full-time employees during 2019 through 2021.

25.     Plaintiff paid wages to its employees during 2021 and timely reported employment taxes for such wages on Forms 941 for each relevant quarter.

26.     Plaintiff meets all requirements to qualify for the ERC on wages paid to its employees for the First Quarter 2021 and the Second Quarter 2021.

27.     For First Quarter 2019, Plaintiff earned gross receipts of $9,806,894.[1]

28.     For First Quarter 2021, Plaintiff earned gross receipts of $6,472,769.

29.     Plaintiff's gross receipts for the employment tax quarter ending March 31, 2021, were less than 80 percent of the gross receipts for the same employment tax quarter in 2019.

30.     Based on the alternative quarter election rule under Section 2301(c)(2)(B) of the CARES Act, as amended by Section 207(d)(2) of the Taxpayer Certainty and Disaster Tax Relief Act of 2020, Plaintiff qualifies for Second Quarter 2021 by reference to the more than 80 percent decline found in First Quarter 2021.

31.     During the First Quarter 2021 and Second Quarter 2021, numerous local and state governments continued to implement orders limiting travel, requiring physical distancing procedures and sanitization procedures in workplaces, and requiring stoppage of certain business operations.

32.     Because Plaintiff's business relies on a national distribution network, local and state governmental orders throughout the United States placed significant limitations on Plaintiff's ability to execute its business functions.

---

[1] Plaintiff would be glad to provide copies of any relevant financial information to confirm the gross receipts listed in Paragraphs 27 and 28.

33.     During the First Quarter 2021 and Second Quarter 2021, Plaintiff's employees were frequently prohibited from traveling to meet with customers and vendors.

34.     Similarly, during the First Quarter 2021 and Second Quarter 2021, Plaintiff's customers and vendors were frequently prohibited from traveling to meet with Plaintiff's employees.

35.     Governmental orders in effect during the First Quarter 2021 and Second Quarter 2021 also restricted prospective employees' travel such that Plaintiff was unable to continue hiring practices to maintain an effective workforce.

36.     Governmental orders in effect during the First Quarter 2021 and Second Quarter 2021 also required Plaintiff to incur significant costs to ensure the relevant aspects of its distribution network complied with physical distancing and sanitization requirements.

37.     Plaintiff's business was partially suspended during the First Quarter 2021 and Second Quarter 2021 due to orders from state and local governments within the United States.

38.     Plaintiff maintains documentation to support the refund sought by the Claims, including the determination of gross receipts for the First Quarter 2021 and the Second Quarter 2021 and the continued partial suspension of its business activities during the First Quarter 2021 and the Second Quarter 2021.

## CLAIM FOR REFUND

39.     Plaintiff incorporates the previously stated paragraphs as if fully set forth herein.

40.     26 U.S.C. §§ 7422 and 6532 permit a taxpayer to file a refund suit against the United States when (a) a claim for refund has been filed with the IRS, (b) it has been at least six months from the filing date of the claim for refund, and (c) it has not been two years from the date of notice disallowing the claim for refund.

41.     Plaintiff complied with all requirements of the CARES Act (as amended) and the Internal Revenue Code with respect to the amounts stated in the Claims.

42.     Plaintiff is entitled the following refunds:

| Employment Tax Period | Claim Amount | Date Submitted |
|---|---|---|
| March 31, 2021 | $578,450.62 | June 8, 2023 |
| June 30, 2021 | $620,483.54 | June 8, 2023 |

43.     Plaintiff is entitled to interest on the amounts stated in the Claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.     That the Court order Defendant to issue a refund in the amount of $578,450.62 for the quarter ending March 31, 2021;

b.     That the Court order Defendant to issue a refund in the amount of $629,483.54 for the quarter ending June 30, 2021;

c.     That the Court award Plaintiff prejudgment and post-judgment interest to the greatest extent allowed by law;

d.     That the Court award Plaintiff reasonable attorney's fees and other legal costs to the extent permissible under 26 U.S.C. § 7430; and

e.     That the Court award Plaintiff such other, further, and general relief as may be just and proper under the circumstances.

Respectfully submitted this 20th day of August, 2024.

/s/ *Charles P. Rettig*
CHARLES P. RETTIG
CHAMBERLAIN HRDLICKA WHITE
WILLIAMS & AUGHTRY
191 Peachtree Street N.E., Forty-Sixth Floor
Atlanta, GA 30303
Telephone: (404) 658-5446
Facsimile: (404) 659-1852
E-mail: charles.rettig@chamberlainlaw.com

/s/ *Thomas A. Cullinan*
THOMAS A. CULLINAN
CHAMBERLAIN HRDLICKA WHITE
WILLIAMS & AUGHTRY
191 Peachtree Street N.E., Forty-Sixth Floor
Atlanta, GA 30303
Telephone: (404) 658-5450
Facsimile: (404) 659-1852
E-mail: tom.cullinan@chamberlainlaw.com

/s/ *John W. Hackney*
JOHN W. HACKNEY
*Admission Pending*
CHAMBERLAIN HRDLICKA WHITE
WILLIAMS & AUGHTRY
191 Peachtree Street N.E., Forty-Sixth Floor
Atlanta, GA 30303
Telephone: (404) 658-5436
Facsimile: (404) 658-5536
E-mail: john.hackney@chamberlainlaw.com

/s/ *Jerrika C. Anderson*
JERRIKA C. ANDERSON
*Admission Pending*
CHAMBERLAIN HRDLICKA WHITE
WILLIAMS & AUGHTRY
191 Peachtree Street N.E., Forty-Sixth Floor
Atlanta, GA 30303
Telephone: (404) 658-5469
Facsimile: (404) 658-5469
jerrika.anderson@chamberlainlaw.com
*Counsel for Plaintiff*

7