IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 24-1161 T
(Judge Carolyn N. Lerner)

PHEONIX PRODUCTS, LLC,

                          Plaintiff,

v.

THE UNITED STATES,

                          Defendant.

**ANSWER**

Defendant, the United States, through its attorneys, hereby answers plaintiff's complaint. Defendant respectfully denies each and every allegation contained therein that is not admitted below.

Defendant further:

States that no response is required to the prefatory language contained in the unnumbered paragraph at the beginning of plaintiff's complaint.

1. States that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 1.

2. Admits the allegation in ¶ 2.

3. States that jurisdiction, to the extent it exists, would be granted through 28 U.S.C. § 1491. Denies that jurisdiction is conferred by 28 U.S.C. 1346.

4. Avers that the contentions contained in ¶ 4 constitute plaintiff's characterization of its case to which no response is required.

5. States that the allegations in ¶ 5 constitute legal conclusions requiring no response. Further states further that IRS records indicate that on June 14, 2023, plaintiff filed an amended return for employment taxes for the first and second quarter of 2021.

6. States defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 6.

7. Admits that on or around June 14, 2023, the IRS received Forms 941-X for the First Quarter 2021 and the Second Quarter 2021 that requested refunds of overpaid employment taxes. Admits that plaintiff filed Form 941-X for the First Quarter 2021 that requested a refund of $578,450.62 and Form 941-X for the Second Quarter 2021 that requested a refund of $620,483.54.  Admits copies of those returns were attached as Exhibit A to the complaint.  Admits that plaintiff attached a Rule 9.1(m) statement as Exhibit B to the complaint.  States that the allegation that the returns were "timely" filed is a legal conclusion to which no response is required.  Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 7.

8. States that the allegations of ¶ 8 contain legal conclusions to which no response is required.

9. Admits that six months have passed since plaintiff filed its claim, as alleged in ¶ 9.

10. Admits the allegations in ¶ 10.

11. States that the allegations in ¶ 11 contain legal conclusions to which no response is required.

12. States that the allegations of ¶ 12 are broad statements of the law, and are legal conclusions, to which no response is required.

13. States that the allegations in ¶ 13 are legal conclusions, to which no response is required.

14. Denies that Congress passed the CARES Act on March 27, 2020 as alleged in ¶ 14. Admits that Congress passed the CARES Act on March 25, 2020, and it was signed into law by the President on March 27, 2020. Admits the CARES Act was passed in response to COVIV-19.

15. States that ¶ 15 contains legal conclusions to which no response is required.

16. States that ¶ 16 contains legal conclusions to which no response is required.

17. States that ¶ 17 contains legal conclusions to which no response is required.

18. Admits the allegations of ¶ 18.

19. Denies the allegations in ¶ 19.

20. Admits the allegations in ¶ 20.

21. States that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 21 as to why plaintiff brought these claims.

22. Defendant incorporates the previously stated responses as if fully set forth herein.

23. States that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 23.

24. States that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 24.

25. Admits that plaintiff reported employment taxes on form 941 for the first quarter of 2019 through the fourth quarter of 2021 (inclusively).  States that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 25.

26. Denies the allegations in ¶ 26.

27-38.  States that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶¶ 27-38.

39. Defendant incorporates the previously stated responses as if fully set forth herein.

40. States that ¶ 40 contains states a legal conclusion to which no response is required.

41. Denies the allegations in ¶ 41.

42. Denies the allegations in ¶ 42.

43. Denies the allegations in ¶ 43.

Denies the allegations contained in the "Wherefore" clause of the complaint.

WHEREFORE, defendant prays for plaintiff to take nothing on its claim.

September 30, 2024                                        Respectfully submitted,


                                                    s/ *Stefan R. Wolfe*
STEFAN R. WOLFE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Voice: 202-598-7850
Fax: (202) 514-9440
Stefan.R.Wolfe@usdoj.gov

DAVID A. HUBBERT
   Deputy Assistant Attorney General

        DAVID I. PINCUS
          Chief, Court of Federal Claims Section
        G. Robson Stewart
          Assistant Chief, Court of Federal Claims Section

        <u>s/G. Robson Stewart</u>
        Of Counsel

        Attorneys for Defendant